# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| JAMES L. DOTTS,<br><br>   Plaintiff,<br><br>v.<br><br>DET. TODD COLEMAN, et al.,<br><br>   Defendants. | Civil Action No. 17-0429-BRM-LHG<br><br><br>**OPINION** |

**MARTINOTTI, DISTRICT JUDGE:**

Before the Court is the Complaint of *pro se* Plaintiff James L. Dotts ("Plaintiff") raising claims pursuant to 42 U.S.C. § 1983, against Detective Todd Coleman ("Coleman") and other officers of the Long Branch Police Department. (ECF No. 1.) Also before the Court is Plaintiff's application for leave to proceed *in forma pauperis*. (ECF No. 3.)

Having reviewed Plaintiff's application to proceed *in forma pauperis* and the accompanying affidavit and certified account statement setting forth Plaintiff's financial status, the Court finds leave to proceed *in forma pauperis* is warranted in this matter. Accordingly, Plaintiff's application to proceed *in forma pauperis* is **GRANTED**.

Because Plaintiff is proceeding *in forma pauperis*, the Court is required to screen the Complaint under 28 U.S.C. § 1915(e)(2)(B). Pursuant to this statute, the Court must dismiss Plaintiff's claims if they are frivolous, malicious, fail to state a claim for relief, or seek damages from a defendant who is immune. For the reasons set forth below, Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE** for failure to state a claim for which relief may be granted.

### I. BACKGROUND[1]

In the Complaint, Plaintiff alleges, on January 14, 2015, he "was arrested for numerous charges" by Coleman and was thereafter incarcerated for several months, resulting in his losing his job. (ECF No. 1 at 6; Civil Case Information Statement (ECF No. 1-1) at 2.) Plaintiff contends he did not commit any of the charged crimes, which apparently included robbery and weapons offenses. (ECF No. 1 at 4, 6.) Plaintiff further alleges the Long Branch Police have "harassed" him for years, and that the January 2015 arrest was one instance of such harassment. (ECF No. 1-1 at 2.) While Plaintiff states he was shown to be "innocent" because a grand jury returned a "no bill" as to some of those charges, it is not clear from the record if Plaintiff's current incarceration is the result of the January 2015 arrest, or if his current detention arises out of a different series of events. (*Id.*) Plaintiff provides few, if any, further details regarding his charges or his arrest.

### II. LEGAL STANDARD

Pursuant to the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (Apr. 26, 1996) (the "PLRA"), district courts must review the complaints in all civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), or seeks damages from a state employee, *see* 28 U.S.C. § 1915A. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A. Because Plaintiff has been granted *in forma pauperis* status, this action is subject to *sua sponte* screening for dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B).

---

[1] The following factual allegations are taken from the Complaint, and are assumed to be true for the purposes of this Opinion.

"The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [Plaintiff]." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). "[A] complaint attacked by a . . . motion to dismiss does not need detailed factual allegations." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). However, the Plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan*, 478 U.S. at 286. Instead, assuming the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for misconduct alleged." *Id.* "Determining whether the allegations in a complaint are plausible is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "[W]here the well-pleaded facts do not permit the court

to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (citing Fed. R. Civ. P. 8(a)(2)). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

**III.   DECISION**

Plaintiff brings claims against Defendants for alleged violations of his constitutional rights pursuant to 42 U.S.C. § 1983. "To establish a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a violation of a right protected by the Constitution or laws of the United States that was committed by a person acting under the color of state law." *Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir. 2000); *see also Woodyard v. Cnty. of Essex*, 514 F. App'x 177, 180 (3d Cir. 2013) (§ 1983 provides "private citizens with a means to redress violations of federal law committed by state [actors]"). "The first step in evaluating a section 1983 claim is to 'identify the exact contours of the underlying right said to have been violated' and to determine 'whether the plaintiff has alleged a deprivation of a constitutional right at all.'" *Nicini*, 212 F.3d at 806 (quoting *County of Sacramento v. Lewis*, 523 U.S. 833, 841 n.5 (1998)). In this matter, Plaintiff asserts false arrest and false imprisonment claims against Coleman and other officers of the Long Branch Police Department under the Fourth Amendment to the United States Constitution.

It is well established in the Third Circuit that an arrest without probable cause is a Fourth Amendment violation, actionable under § 1983. *See Walmsley v. Philadelphia*, 872 F.2d 546 (3d Cir. 1989) (citing cases); *see also Albright v. Oliver*, 510 U.S. 266, 274 (1994) (a § 1983 claim for false arrest is based upon the Fourth Amendment right to be free from unreasonable seizures). To state a Fourth Amendment claim for false arrest, a plaintiff must allege two elements: "(1) that

there was an arrest" or seizure of a person and "(2) that the arrest [or seizure] was made without probable cause." *James v. City of Wilkes-Barre*, 700 F.3d 675, 680 (3d Cir. 2012).

Similarly, a claim for false imprisonment under § 1983 arises when a person is arrested without probable cause and is subsequently detained pursuant to that unlawful arrest. *See Adams v. Officer Eric Selhorst*, 449 F. App'x 198, 201 (3d Cir. 2011) (*per curiam*) (citing *Groman v. Twp. of Manalapan*, 47 F.3d 628, 636 (3d Cir. 1995)). "Thus, a claim of false imprisonment in this context is derivative of a claim for arrest without probable cause." *Stevens v. Way*, Civ. No. 15-7261 (FLW), 2016 U.S. Dist. LEXIS 67863, at *9 (D.N.J. May 24, 2016); s*ee also Groman*, 47 F.3d at 636; *Adams*, 449 F. App'x at 201.

"The proper inquiry [for such claims] . . . is not whether the person arrested in fact committed the offense but whether the arresting officers had probable cause to believe the person arrested had committed the offense." *Paszkowski v. Roxbury Twp. Police Dep't*, 581 F. App'x 149, 152 (3d Cir. 2014) (quoting *Dowling v. City of Philadelphia*, 855 F.2d 136, 141 (3d Cir. 1988)). Probable cause exists "whenever reasonably trustworthy information or circumstances within a police officer's knowledge are sufficient to warrant a person of reasonable caution to conclude that an offense has been committed by the person being arrested." *Paszkowski*, 581 F. App'x at 152 (quoting *United States v. Myers*, 308 F.3d 251, 255 (3d Cir. 2002)). A police officer may, therefore, be held liable for false arrest or false imprisonment for an arrest he affected where no reasonable competent officer would conclude that probable cause existed. *Paszkowski*, 581 F. App'x at 152.

Plaintiff's Complaint fails to state a cognizable claim for false arrest or false imprisonment. Plaintiff states in his Complaint that he was arrested, subsequently imprisoned, and ultimately not indicted for at least some of the offenses with which he was charged, because he did not commit those crimes. However, even taking these allegations as true, they have no bearing on the critical

element of Plaintiff's false arrest and false imprisonment claims, specifically, whether the arresting officers had probable cause to believe Plaintiff committed an offense. *See Paszkowski*, 581 F. App'x at 152. Likewise, Plaintiff's allegation that the arresting officers had a personal vendetta against Plaintiff does not affect the analysis of whether reasonable competent officers in the arresting officers' position would have believed they had probable cause to arrest plaintiff. As the Supreme Court has explained, "[s]ubjective intentions play no role in ordinary, probable-cause Fourth Amendment analysis." *Whren v. United States*, 517 U.S. 806, 813 (1996).

In short, Plaintiff's Complaint is devoid of any allegations suggesting the arresting officers lacked probable cause. Therefore, Plaintiff has failed to plead a cognizable claim for relief for either false arrest or false imprisonment. Accordingly, the Complaint is dismissed without prejudice.

## IV. CONCLUSION

For the reasons stated above, Plaintiff's application for leave to proceed *in forma pauperis* (ECF No. 3) is **GRANTED**, and Plaintiff's Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE** for failure to state a claim for which relief may be granted. An appropriate order will follow.

Date: February 27, 2017                         */s/ Brian R. Martinotti*
                                                                                **HON. BRIAN R. MARTINOTTI**
                                                                                UNITED STATES DISTRICT JUDGE