UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JAMES L. DOTTS, | Civil Action No. 17-0429-BRM-LHG |
| Plaintiff, | |
| v. | **OPINION** |
| DET. TODD COLEMAN, et al., | |
| Defendants. | |

**MARTINOTTI, DISTRICT JUDGE**

Before this Court is *pro se* Plaintiff James L. Dotts' ("Plaintiff") Amended Complaint[1] asserting claims pursuant to 42 U.S.C. § 1983 against Detective Todd Coleman and other officers of the Long Branch Police Department (collectively, "Defendants"). (ECF No. 6.) Because Plaintiff has previously been granted *in forma pauperis* status (*see* ECF No. 5), this Court is required to screen the Amended Complaint under 28 U.S.C. § 1915(e)(2)(B). Pursuant to the statute, this Court must dismiss Plaintiff's claims if they are frivolous, malicious, fail to state a claim for relief, or seek damages from a defendant who is immune. For the reasons set forth below, Plaintiff's Amended Complaint (ECF No. 6) is **DISMISSED WITHOUT PREJUDICE** for failure to state a claim for which relief may be granted.

**I. BACKGROUND**

In his Amended Complaint, Plaintiff provides only the following factual allegations, which are assumed to be true for the purposes of this Opinion:

---

[1] On February 27, 2017, the Court granted Plaintiff's application to proceed *in forma pauperis* but dismissed Plaintiff's Complaint without prejudice for failure to state a claim for which relief may be granted with leave to file an amended complaint by March 29, 2017. (ECF Nos. 4 and 5.) Plaintiff filed his Amended Complaint on March 10, 2017. (ECF No. 6.)

1

> On January 14, 2015, I was arrested for numerous charges by Det. Todd Coleman of the Long Branch Police Dept. knowing and under standing [sic] that Det. Coleman and his fellow officers violated my Fourth Amendment [rights under the] United States Constitution. They didn't have . . . probable cause to arrest me and remove me from my home, which was [in] Long Branch, NJ[.] I was incarcerated for 6 months for these false charges which [resulted in] a no bill on 6/25/2015. During my incarceration I've suffered pain and suffering, mental anguish, mental dispression [sic], lose [sic] of employment . . . And also my mother got sick and I'm the care taker [sic] of her[.]

(ECF No. 6 at 6.)

## II. LEGAL STANDARD

Pursuant to the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) (the "PLRA"), district courts must review the complaints in all civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), or seeks damages from a state employee. *See* 28 U.S.C. § 1915A. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A. This action is subject to *sua sponte* screening for dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B) because Plaintiff has been granted *in forma pauperis* status.

"The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 28 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [Plaintiff]." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). "[A] complaint attacked by a . . . motion to dismiss does not need detailed factual allegations." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). However, the Plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan*, 478 U.S. at 286. Instead, assuming the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for misconduct alleged." *Id.* "Determining whether the allegations in a complaint are plausible is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (citing Fed. R. Civ. P. 8(a)(2)) (second alternation in original). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (emphasis added).

**III. DECISION**

Plaintiff brings claims against Defendants for alleged violations of his Fourth Amendment rights pursuant to 42 U.S.C. § 1983. "To establish a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a violation of a right protected by the Constitution or laws of the United States that was committed by a person acting under the color of state law." *Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir. 2000); *see also Woodyard v. Cty. of Essex*, 514 F. App'x 177, 180 (3d Cir. 2013) ("Section 1983 provides private citizens with a means to redress violations of federal law committed by state individuals."). "The first step in evaluating a section 1983 claim is to 'identify the exact contours of the underlying right said to have been violated' and to determine 'whether the plaintiff has alleged a deprivation of a constitutional right at all.'" *Nicini*, 212 F.3d at 806 (quoting *County of Sacramento v. Lewis*, 523 U.S. 833, 841 n.5 (1998)). In his Amended Complaint, Plaintiff seeks to raise false arrest and false imprisonment claims against Defendant Coleman and other officers of the Long Branch Police Department.

In the February 27, 2017 opinion dismissing Plaintiff's initial Complaint without prejudice, the Court stated, "[i]t is well established in the Third Circuit that an arrest of an individual without probable cause" – i.e., false arrest – "is a Fourth Amendment violation, actionable under § 1983." (ECF No. 4 at 4) (citing *Walmsley v. Philadelphia*, 872 F.2d 546 (3d Cir. 1989); *Albright v. Oliver*, 510 U.S. 266, 274 (1994)). To state a claim for false arrest, a plaintiff must plead facts establishing "there was an arrest" or seizure of a person and that arrest or seizure "was made without probable cause." *James v. City of Wilkes-Barre*, 700 F.3d 675, 680 (3d Cir. 2012). Likewise, as the Court set forth in its prior opinion, a claim for false imprisonment is derivative of a false arrest claim, and a plaintiff states a false imprisonment claim where he alleges facts indicating that he was arrested without probable cause and was subsequently detained

4

pursuant to that improper arrest. *See Adams v. Officer Eric Selhorst*, 449 F. App'x 198, 201 (3d Cir. 2011) (citing *Groman v. Twp. of Manalapan*, 47 F.3d 628, 636 (3d Cir. 1995)); *see also Stevens v. Way*, Civ. No. 15-7261 (FLW), 2016 U.S. Dist. LEXIS 67863, at *9 (D.N.J. 2016).

Therefore, "[t]he proper inquiry in a section 1983 claim based on false arrest . . . is not whether the person arrested in fact committed the offense but whether the arresting officers had probable cause to believe the person arrested had committed the offense." *Paszkowski v. Roxbury Twp. Pol. Dep't*, 581 F. App'x 149, 152 (3d Cir. 2014) (quoting *Dowling v. City of Phila.*, 855 F.2d 136, 141 (3d Cir. 1988)) (omission in original). "Probable cause exists whenever reasonably trustworthy information or circumstances within a police officer's knowledge are sufficient to warrant a person of reasonable caution to conclude that an offense has been committed by the person being arrested." *Id.* (quoting *United States v. Myers*, 308 F.3d 251, 255 (3d Cir. 2002)). A police officer may therefore be held liable under section 1983 for false arrest or false imprisonment where he arrested the plaintiff under circumstances in which "'no reasonable competent officer' would conclude that probable cause exists." *Id.* (quoting *Wilson v. Russo*, 212 F.3d 781, 789-90 (3d Cir. 2000)).

In his Amended Complaint, Plaintiff states he was arrested, and thereafter imprisoned, in January 2015 based on numerous charges, all of which resulted in a "no bill" from a grand jury several months later. However, regarding the key element of his false arrest and imprisonment claims, Plaintiff merely states the officers did not have probable cause. He provides no information as to the circumstances of his arrest, the actual charges he faced, or what information the officers may or may not have possessed which would indicate this alleged lack of probable cause. Plaintiff's Amended Complaint provides no more than a conclusory allegation as to the officers' lack of probable cause, which is insufficient to state a plausible claim for relief. *See Iqbal*, 556

U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); *see also Twombly*, 550 U.S. at 555. Petitioner's Amended Complaint is therefore dismissed without prejudice for failure to state a claim for which relief may be granted.

**IV.　CONCLUSION**

For the reasons stated above, Plaintiff's Amended Complaint (ECF No. 6) is **DISMISSED WITHOUT PREJUDICE** for failure to state a claim for which relief may be granted. An appropriate order will follow.


Date: May 23, 2017

　　　　　　　　　　　　　　　　　　　　*/s/ Brian R. Martinotti*
　　　　　　　　　　　　　　　　　　　　**HON. BRIAN R. MARTINOTTI**
　　　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**