# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JAMES L. DOTTS, | : |
| Plaintiff, | : Case No. 3:17-cv-429 (BRM) |
| v. | : **OPINION** |
| DET. TODD COLEMAN, | : |
| Defendant. | : |

**MARTINOTTI, DISTRICT JUDGE**

Before this Court is a Motion for Summary Judgment filed by Defendant Detective Todd Coleman ("Defendant"), seeking judgment in his favor on Plaintiff James L. Dotts's ("Plaintiff") § 1983 claim against him. (ECF No. 36.) Though Defendant served him with a copy (ECF No. 39), Plaintiff did not file opposition to the Motion. Having reviewed the parties' submissions filed in this matter and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(b), for the reasons set forth below, and for good cause shown, the Motion is **GRANTED**.

**I. BACKGROUND**

According to the Amended Complaint, Defendant Todd Coleman, a detective with the Long Branch Police Department, arrested Plaintiff on January 14, 2015. (Am. Compl. (ECF No. 9) ¶ 6.) When Plaintiff arrived at the station, officers questioned Plaintiff about a robbery at a convenience store. (*Id.*) Plaintiff informed the officers he was at work during the time of the robbery and provided them with a copy of his timecard. (*Id.*) Nevertheless, they still "locked him up" and sent him to Monmouth County Correctional Institution. (*Id.*) At an unspecified time, officers also questioned Plaintiff about a separate home invasion in Long Branch, of which he

denied any knowledge. (*Id.*) Plaintiff was incarcerated for six months on these charges, after which the grand jury returned a "no bill" and the charges were dropped. (*Id.*)

Thereafter, in 2017, Plaintiff filed his initial Complaint in this matter. (ECF No. 1.) The Court entered an Opinion and Order dismissing the Complaint for failure to state a claim upon which relief may be granted for insufficient facts. (ECF Nos. 4, 5.) Plaintiff filed an Amended Complaint (ECF No. 6), which was again dismissed by the Court for the same reasons (ECF Nos. 7, 8). Finally, on June 8, 2017, Plaintiff filed a Second Amended Complaint ("SAC") (ECF No. 9) alleging false arrest and false imprisonment claims against Defendant Coleman and John Doe defendants, which the Court proceeded (ECF No. 10).

After the close of discovery, Defendant Coleman filed the instant Motion for Summary Judgment. (ECF No. 36.) In his Motion, Defendant Coleman argues that while he did arrest Plaintiff on January 26, 2015, it was not for the robberies for which he was thereafter incarcerated; Defendant Coleman only arrested Plaintiff for an outstanding warrant from 2014 for "failure to comply with sentence or time payment order." (*Id.*) Because he only arrested Plaintiff pursuant to a valid warrant from years earlier, and had no involvement in the false arrest for the robberies from the SAC, Defendant argues he is entitled to summary judgment. (*Id.*)

## II. LEGAL STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A factual dispute is genuine only if there is "a sufficient evidentiary basis on which a reasonable jury could find for the non-moving party," and it is material only if it has the ability to "affect the outcome of the suit under governing law." *Kaucher v. Cty. of Bucks*,

455 F.3d 418, 423 (3d Cir. 2006); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment. *Anderson*, 477 U.S. at 248. "In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the non-moving party's evidence 'is to be believed and all justifiable inferences are to be drawn in his favor.'" *Marino v. Indus. Crating Co.*, 358 F.3d 241, 247 (3d Cir. 2004) (quoting *Anderson*, 477 U.S. at 255) ); *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, (1986); *Curley v. Klem*, 298 F.3d 271, 276-77 (3d Cir. 2002). "Summary judgment may not be granted ... if there is a disagreement over what inferences can be reasonably drawn from the facts even if the facts are undisputed." *Nathanson v. Med. Coll. of Pa.*, 926 F.2d 1368, 1380 (3rd Cir. 1991) (citing *Gans v. Mundy*, 762 F.2d 338, 340 (3d Cir. 1985); *Ideal Dairy Farms, Inc. v. John Labatt, Ltd.*, 90 F.3d 737, 744 (3d Cir. 1996).

The party moving for summary judgment has the initial burden of showing the basis for its motion. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party bears the burden of persuasion at trial, summary judgment is appropriate only if the evidence is not susceptible to different interpretations or inferences by the trier of fact. *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999). On the other hand, if the burden of persuasion at trial would be on the nonmoving party, the party moving for summary judgment may satisfy Rule 56's burden of production by either (1) "submit[ting] affirmative evidence that negates an essential element of the nonmoving party's claim" or (2) demonstrating "that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim." *Celotex*, 477 U.S. at 330 (Brennan, J., dissenting). Once the movant adequately supports its motion pursuant to Rule 56(c), the burden shifts to the nonmoving party to "go beyond the pleadings and by her own affidavits, or by the

depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Id.* at 324; *see also Matsushita*, 475 U.S. at 586; *Ridgewood Bd. of Ed. v. Stokley*, 172 F.3d 238, 252 (3d Cir. 1999). In deciding the merits of a party's motion for summary judgment, the court's role is not to evaluate the evidence and decide the truth of the matter, but to determine whether there is a genuine issue for trial. *Anderson*, 477 U.S. at 249. Credibility determinations are the province of the factfinder. *Big Apple BMW, Inc. v. BMW of N. Am., Inc.*, 974 F.2d 1358, 1363 (3d Cir. 1992).

There can be "no genuine issue as to any material fact," however, if a party fails "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322-23. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* at 323; *Katz v. Aetna Cas. & Sur. Co.*, 972 F.2d 53, 55 (3d Cir. 1992).

## III. DECISION

An arrest made without probable cause creates a cause of action for false arrest under 42 U.S.C. § 1983. *See Dowling v. City of Phila.*, 855 F.2d 136, 141 (3d Cir.1988). Similarly, "where the police lack probable cause to make an arrest, the arrestee has a claim under § 1983 for false imprisonment based on a detention pursuant to that arrest." *Groman v. Twp. of Manalapan*, 47 F.3d 628, 636 (3d Cir.1995). "[P]robable cause to arrest exists when the facts and circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested." *Orsatti v. N.J. State Police*, 71 F.3d 480, 483 (3d Cir.1995). Where an arrest is made pursuant to a warrant, "[a] plaintiff may succeed in a § 1983 action for false arrest . . . if [he] shows, by a preponderance

4

of the evidence: (1) that the police officer 'knowingly and deliberately, or with a reckless disregard for the truth, made false statements or omissions that create a falsehood in applying for a warrant;' and (2) that 'such statements or omissions are material, or necessary, to the finding of probable cause.'" *Wilson v. Russo*, 212 F.3d 781, 786–87 (3d Cir. 2000) (quoting *Sherwood v. Mulvihill*, 113 F.3d 396, 399 (3d Cir. 1997)). Finally, "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988).

According to the facts put forth by Defendant Coleman, he was not involved in arresting Plaintiff for the robbery charges and falsely imprisoning him based on that arrest. Rather, he arrested Plaintiff pursuant to an outstanding warrant for failure to comply with a payment order, the validity of which as not been questioned. (Def.'s Statement of Undisputed Material Facts ("SUMF") (ECF No. 36-1) ¶ 12, Ex. D.) Only once Plaintiff was at the station did Detective Verdadeiro question him about the robberies and then arrest him on the charges at issue in the SAC. (*Id.* ¶ 13, Ex. D.) Nothing in the SAC suggests Plaintiff is challenging the validity of the arrest pursuant to the outstanding warrant for "failure to comply with sentence or time payment order" out of Long Branch Municipal Court. Rather, the SAC clearly intends to state a false arrest claim against Defendant Coleman stemming from the robbery charges. (ECF No. 9 ¶ 4(b) ("Todd Coleman . . . falsely arrested me and accused me of numerous charges that consist of robbery, weapons etc.").

Because Defendant Coleman has pointed to facts in the record, including his own affidavit and the police report from Officer Vecchione, to show he only arrested Plaintiff pursuant to the valid warrant out of the City of Long Branch, and there is nothing in the record to suggest he was

5

involved in Plaintiff's arrest for the robberies, the Court finds Defendant Coleman is entitled to summary judgment on Plaintiff's claim for false arrest/imprisonment.[1]

IV. CONCLUSION

For the reasons set forth above, Defendant Coleman's Motion for Summary Judgment is granted. An appropriate order follows.

Dated: September 30, 2019

/s/ Brian R. Martinotti
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**

---

[1] To the extent Plaintiff intended to suggest Defendant Coleman is responsible for his subsequent arrest on the robbery charges because the arrest on the failure pay warrant was merely a pretext to question him about the robberies, such a claim is without merit. *See Devenpeck v. Alford*, 543 U.S. 146, 153–154 (2004) (an arresting officer's state of mind does not matter for purposes of determining whether a Fourth Amendment seizure was supported by probable cause); *Ashcroft v. al-Kidd*, 563 U.S. 731, 740 (2011) ("Because al-Kidd concedes that individualized suspicion supported the issuance of the material-witness arrest warrant; and does not assert that his arrest would have been unconstitutional absent the alleged pretextual use of the warrant; we find no Fourth Amendment violation. Efficient and evenhanded application of the law demands that we look to whether the arrest is objectively justified, rather than to the motive of the arresting officer."). The undisputed facts show Defendant Coleman arrested Plaintiff pursuant to a valid warrant from the Long Branch Municipal Court for "failure to comply with sentence or time payment order," which is the only consideration in this context.